IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JESSIE CARTER                                                                                                       PLAINTIFF

v.                              Cause No. 1:16-cv-01050

UNITED STATES DEPARTMENT OF AGRICULTURE,
JENNIFER WEATHERLY,
*In her official capacity*                                            DEFENDANTS

## REPORT AND RECOMMENDATION
## OF A UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion for Service. ECF No. 1. The Court has granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. The Court now recommends Plaintiff's Motion for Service be **DENIED**, and Plaintiff's case be dismissed.

Pursuant to 28 U.S.C. § 1915(e)(2) (1996), a federal court may dismiss an *in forma pauperis* action "at any time if the court determines that . . . the action . . . is frivolous or malicious . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."

In his Complaint, Plaintiff is alleging Defendants violated the Freedom of Information Act ("FOIA") because they wrongfully withheld documents under 5 U.S.C. § 552(b)(6) (permitting the withholding of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"). ECF No. 1. Plaintiff claims those documents should have been released and not withheld. *Id.*

Upon review of the information Plaintiff has submitted to the Court, on July 2, 2015, Plaintiff requested the following documents from the United States Department of Agriculture ("USDA"): "Information from the National Disqualified List of Providers 1. Names of Institutions that were

disqualified from participation between 1995 and 2001.  2.  When did these Institutions become eligible to return/continue participation in program.  (Date Range of Record Search: From 01/31/1995 To 07/01/2015)."  ECF No. 1 at 5.

On August 6, 2015, the USDA denied this FOIA request, citing 5 U.S.C. § 552(b)(6) (restricting the disclosure of information based upon privacy concerns). ECF No. 1 at 5.  In the letter denying the request, Defendant Jennifer Weatherly stated the following: "If you are dissatisfied with our response to your FOIA request, you may appeal by writing to the Administrator, Food and Nutrition Service at 3101 Park Center Drive, Alexandria, VA 22302 or by email to FOIA@fns.usda.gov within 45 days from the date of this letter.  The phrase 'FOIA APPEAL' should be placed in capital letters on the front of the envelope or in the subject of the email containing the appeal."  *Id.*

As noted in this correspondence, the USDA has an appeals process for a FOIA dispute.  Further, such a process is explicitly authorized by FOIA.  *See* 5 U.S.C. § 552(a)(6)(A)(ii).  Notably, after this appeals process is complete, then federal court review is appropriate: "If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions *for judicial review* of that determination."  *Id.* (emphasis added).  If an individual does not follow this administrative appeals process, a federal court does not have jurisdiction.  *See* 5 U.S.C. § 704 (only "final agency action" is "subject to judicial review").

Despite these explicit instructions regarding an agency appeal, Plaintiff has submitted no evidence demonstrating he followed this agency appeals process.  *See* ECF No. 1.  Thus, this Court simply does not have jurisdiction to hear this FOIA dispute.  Accordingly, because Plaintiff has not made a showing which is clearly required for relief in this action, the Court recommends Plaintiff's case be **DISMISSED** in its entirety.

The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED** this **20th day of June 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE