IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JESSIE CARTER                                                                                    PLAINTIFF

v.                                              Case No. 1:16-cv-1050

UNITED STATES DEPARTMENT OF AGRICULTURE,
and JENNIFER WEATHERLY,
In her official capacity                                                                       DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed June 20, 2016, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 5). Plaintiff Jessie Carter has timely filed objections to the Report and Recommendation (ECF No. 6), along with an addendum. (ECF No. 7). The Court finds this matter ripe for consideration.

### I.  BACKGROUND

This case arises from Freedom of Information Act ("FOIA") requests submitted by Plaintiff to the United States Department of Agriculture ("USDA"). The record shows that Plaintiff submitted a FOIA appeal[1] ("FOIA #2015-00207") with USDA on June 23, 2015, which was marked as "received" by USDA on July 8, 2015. Plaintiff submitted a second FOIA request ("FOIA #2015-04394"), dated July 2, 2015, which was denied by USDA on August 6, 2015 because the requested information from the National Disqualification List violated the privacy rights of individuals.[2] In March 2016, Plaintiff consulted U.S. Senator John Boozman's office, and was advised to submit a revised version of FOIA #2015-04394 to USDA. Plaintiff did so,

---

[1] The record does not contain any information concerning the original FOIA request that Plaintiff sought to appeal by submitting FOIA #2015-00207, other than the fact that it sought names of institutions on the National Disqualified List from 1998-2001 and whether funds were owed to programs. (ECF No. 1).

[2] USDA's August 6, 2015 denial of FOIA #2015-04394 stated that Plaintiff had 45 days from that date to file an appeal.

rewording certain language in the request and submitting a third FOIA request to USDA ("FOIA #2016-02999"). On March 28, 2016, USDA marked FOIA #2016-02999 as "received."

On June 7, 2016, Plaintiff filed a *pro se* action in this Court. Plaintiff's Complaint requested that USDA be enjoined from withholding requested agency records. On June 20, 2016, Judge Bryant issued a Report and Recommendation, recommending that Plaintiff's Motion for Service (ECF No. 2) be denied and Plaintiff's case be dismissed in its entirety. Judge Bryant's Report and Recommendation stated that Plaintiff has not presented a claim upon which relief may be sought because he has not shown that he has exhausted USDA's FOIA administrative appeals process before initiating this action. Thus, Judge Bryant concluded that the federal judiciary does not have jurisdiction to hear the FOIA dispute, and recommends that Plaintiff's case be dismissed. On July 7, 2016, Plaintiff filed timely objections to Judge Bryant's Report and Recommendation.[3] On July 17, 2016, Plaintiff filed an addendum to his objections.

## II. DISCUSSION

The FOIA was enacted "to facilitate public access to Government documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (citation omitted). To obtain access to government records under the FOIA, two requirements must be met: (1) a reasonable description of the records must be made; and (2) the requestor must comply with the agency's published FOIA rules. 5 U.S.C. § 552(3)(A). FOIA requires an agency to determine within 20 days after receiving the request (excluding Saturdays, Sundays, and legal public holidays) whether documents should be provided or withheld, and the reasons therefor. 5 U.S.C. § 552(a)(6)(A)(i). This same 20-day time limit also applies to determinations on FOIA appeals. 5 U.S.C. § 552(a)(6)(A)(ii). An agency may, by written notice, obtain an extension of time for unusual circumstances. 5 U.S.C. § 552(a)(6)(B).

---

[3] Plaintiff's objections included new evidence that was not part of the record before Judge Bryant issued his Report and Recommendation.

"If an agency refuses to furnish the requested records, the requester may file suit in federal court and obtain an injunction 'order[ing] the production of any agency records improperly withheld.'" *Taylor v. Sturgell*, 553 U.S. 880, 885 (2008) (citing 5 U.S.C. § 552(a)(4)(B)).  A requester must exhaust all administrative appeals before filing a FOIA suit in federal court.  *See Brumley v. U.S. Dep't of Labor*, 767 F.2d 444, 445 (8th Cir. 1985).  However, a requester is considered to have exhausted all administrative remedies if an agency fails to respond to a FOIA request within the time limit provided by 5 U.S.C. § 552.  *Wilson v. United States*, No. CIV 08-5022-RHB, 2009 WL 387086, at *4 (D.S.D. Feb. 11, 2009) (citing 5 U.S.C. § 552(a)(6)(C)(i)).

According to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections. Plaintiff's objections reference FOIA #2015-00207, stating that USDA did not make a determination on the appeal within FOIA's 20-day time limit. Plaintiff also states that USDA did not respond to FOIA #2016-02999 within the 20-day period. Lastly, Plaintiff states that "USDA has failed to respond timely . . . [to] the July 2015 request for appeal # (2015-FNS-04394-F)."  (ECF No. 6).  Plaintiff concludes his objections by asking the Court to order USDA to release the requested information in its entirety.  The Court will now turn its analysis to each of the three FOIA requests at issue in this case and discuss whether Plaintiff exhausted his administrative remedies for each.

    **A.  FOIA #2015-00207**

According to evidence provided by Plaintiff, he submitted this FOIA appeal on June 23, 2015.  The record does not contain any information concerning the original FOIA request that Plaintiff sought to appeal by submitting FOIA #2015-00207.  The appeal was marked "received" on July 8, 2015.  On July 14, 2015, this appeal was assigned the tracking number #2015-FNS-00207-A, and Plaintiff was informed that the appeal had a target response date of August 5,

2015. (ECF No. 1). On January 16, 2016, USDA sent Plaintiff an email with the subject title "00207-A," which stated that "the matter is currently under review." (ECF No. 6). As far as the Court can tell, this is the only evidence in the record concerning FOIA #2015-00207.[4]

Plaintiff argues that USDA failed to make a determination on FOIA #2015-00207 within the 20-day time limit set by law. The Court agrees. USDA received FOIA #2015-00207 on July 8, 2015, and had 20 working days to respond to the appeal. *See* 5 U.S.C. § 552(a)(6)(A)(ii). The January 19, 2016 email from USDA to Plaintiff, in which USDA stated it was still reviewing the appeal, shows that USDA had not yet made a determination nearly five months after the determination was due. The record contains no evidence to the contrary to show USDA responded within the 20-day time limit or requested an extension of time. Based on the evidence in the record, the Court concludes that Plaintiff exhausted his administrative remedies with respect to FOIA #2015-00207 because USDA did not respond to the appeal within the 20-day time limit set forth in 5 U.S.C. § 552. Therefore, the Court finds that it was proper for Plaintiff to file a federal action regarding FOIA #2015-00207.

B. FOIA #2015-04394

The record shows that Plaintiff submitted FOIA request #2015-04394 to USDA on July 2, 2015. The record does not indicate what day USDA received this request, thus beginning the 20-day response period. On August 6, 2015, USDA responded, denying the request on the basis that it requested information that would invade individuals' personal privacy. The August 6, 2015 denial stated that Plaintiff had 45 days to appeal the decision.

Plaintiff's objections state that "USDA has failed to respond timely . . . [to] the July 2015

---

[4] Plaintiff provided an email exchange between himself and USDA, with a subject title "FOIA Appeal – Status Update." The Court believes the FOIA appeal discussed in this email exchange is unrelated to any of the FOIA requests at issue in this case because the email did not indicate the appeal's tracking number and its target response date was different from those of the requests at issue in this case.

request for appeal # (2015-FNS-04394-F)." (ECF No. 6). However, nothing in the record indicates that Plaintiff appealed USDA's denial of FOIA #2015-04394. The only other evidence in the record relating to FOIA #2015-04394 is a "FOIA Requests Status" page that lists FOIA #2015-04394's status as "In Process." (ECF No. 1). The Court is unpersuaded that this shows that Plaintiff did indeed appeal the August 6, 2015 denial. Plaintiff did not exhaust his administrative remedies with respect to FOIA #2015-04394, and therefore, the Court finds that Plaintiff could not file a federal action related to this request.

### C. FOIA #2016-02999

The record indicates that Plaintiff submitted this request and it was marked "received" by USDA on March 28, 2016. The request was assigned the tracking number #2016-FNS-02999-F. (ECF No. 6).

Plaintiff's objections argue that "USDA fail[ed] to respond timely in both request and appeal of request # 2016-FNS-02999-F." (ECF No. 6). The above-mentioned "FOIA Requests Status" page lists FOIA #2016-02999's status as "In Process." (ECF No. 1). The record contains no other evidence regarding FOIA #2016-02999, whether USDA made a determination, or whether Plaintiff appealed, as he claims. Because of this, Plaintiff's argument cannot be substantiated. Thus, the Court finds that Plaintiff did not exhaust his administrative remedies and could not file a federal action related to FOIA #2016-02999.

### III. CONCLUSION

The Court adopts Judge Bryant's Report and Recommendation as it relates to FOIA #2015-04394 and FOIA #2016-02999. Plaintiff's Motion for Service (ECF No. 1) is **DENIED IN PART** and Plaintiff's case is **DISMISSED IN PART** as each relates to FOIA #2015-04394 and FOIA #2016-02999. The Court declines to adopt Judge Bryant's Report and Recommendation as it relates to FOIA #2015-00207. The Court refers this matter to Judge

5

Bryant for further consideration of Plaintiff's Motion for Service as it relates to FOIA appeal #2015-FNS-00207-A.

**IT IS SO ORDERED**, this 30th day of September, 2016.

                                                  /s/ Susan O. Hickey
                                                  Susan O. Hickey
                                                  United States District Judge