IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JESSIE CARTER                                                                                             PLAINTIFF

V.                          CASE NO. 1:16-CV-01050

USDA and JENNIFER WEATHERLY
*in her official capacity*                                                      DEFENDANTS

## **ORDER**

Before the Court is Defendants' Amended Motion to Dismiss. ECF No. 24. Plaintiff has filed a response. ECF No. 25. The Court finds this matter ripe for consideration.

## **I. BACKGROUND**

This case concerns Freedom of Information Act ("FOIA") requests Plaintiff submitted in 2015. Plaintiff filed his Complaint seeking to compel Defendants to produce responses to his FOIA requests. ECF No. 1. In his Complaint, Plaintiff references three outstanding FOIA requests: (1) 2016-FNS-02999-F; (2) 2015-FNS-04394-F; and (3) 2015-FNS-3001-F. ECF No. 1. The Court subsequently found that only FOIA request 2015-FNS-3001-F (styled 2015-00207 as an appeal) is properly before the Court. ECF No. 8. Thus, this is the only FOIA request the Court will address. With this FOIA request, Plaintiff seeks information on institutions that were disqualified from participation in the Child and Adult Care Food Program between January 1, 1995, and December 31, 2001. ECF No. 15-1.

In their original Motion to Dismiss, Defendants stated that they had supplied Plaintiff with the requested information and that, therefore, this action should be dismissed. ECF No. 15. In Plaintiff's response, he stated that Defendants had not yet disclosed all requested information. ECF No. 16. Although Plaintiff conceded that Defendants had provided the bulk of the information he

seeks in his FOIA request, he argued that Defendants had not supplied information regarding "when did institutions become eligible to return/continue to participate in the program again?" ECF No. 18. Defendants contended that they had provided this information, having informed Plaintiff that "[i]nstitutions are typically disqualified for 7 years, unless they owe a debt" and "if a debt is owed they remain disqualified until the debt is paid." ECF No. 15-1.

The Honorable Barry A. Bryant, Magistrate Judge for the Western District of Arkansas, subsequently issued a Report and Recommendation in which he found that Defendants had provided the requested information and recommended that Defendants' Motion to Dismiss (ECF No. 15) be granted. ECF No. 20. In his objections, Plaintiff again stated that he had not received the requested information as to when entities disqualified from 1995 through 2001 were again allowed to take part in agency programs. ECF No. 21. Further, Plaintiff argued that the seven-year disqualification period did not come into effect until after the period covered by his FOIA request. ECF No. 21.

The Court declined to adopt Judge Bryant's Report and Recommendation, finding that Defendants had failed to sufficiently demonstrate that they had fully responded to Plaintiff's FOIA request. The Court noted that Plaintiff appeared to seek "a list of specific dates upon which each organization that was disqualified from 1995 through 2001 again became eligible to participate in the program" and that Plaintiff believed that "Defendants maintain records that note the exact date upon which a disqualified entity again becomes eligible." ECF No. 23. Accordingly, the Court directed Defendants to respond to Plaintiff's request for specific dates each entity disqualified from 1995 through 2001 again became eligible to participate in agency programs. Likewise, the Court stated that "if Defendants do not maintain such records, they are to advise Plaintiff of that fact and describe the process by which Defendants determine eligibility dates for entities disqualified from 1995 through 2001."

In their Amended Motion to Dismiss, Defendants inform the Court that they do not maintain records of specific dates upon which entities again become eligible to participate in agency programs. ECF No. 24. Further, Defendants have attached a Declaration of Defendant Weatherly in which she describes the reinstatement process. ECF No. 24-1. Defendant Weatherly states that:

> Under FNS policy, a disqualified institution is generally disqualified for seven years, unless that institution owes a debt. If a debt is owed the institution remains disqualified until the debt is paid. In specific situations, an institution can request and be granted early removal from the disqualified list, if the institution creates an acceptable corrective plan and owe no debt. When an institution comes off of the National Disqualified List (NDL) of Providers, they would have to reapply to participate. They are not guaranteed approval. In order to have been placed on the NDL, there had to have been serious deficiency (or a suspension) which led to termination and disqualification. The serious deficiency(ies) which caused the termination and disqualification must be fully and permanently corrected. An institution may not be approved to participate until full and permanent correction is achieved.[] The institution needs to have completed the required corrective action for the serious deficiencies which led to their termination and disqualification. Paying a debt and waiting seven years does not remove the requirement that the institution achieve full permanent corrective action. Because this process has variations, FNS does not keep records with specific dates stating when each institution is eligible to re-apply.[1]

ECF No. 24-1, ¶¶ 6, 7.

In response, Plaintiff argues that he believes Defendants do maintain records of when disqualified entities again become eligible to participate in agency programs. Plaintiff states that "[c]ommon sense tells me that if any part of this information was not available, Defendants would have brought this out long before now." ECF No. 25, ¶ 5. Plaintiff argues that "[i]f there are no records now, because FNS [does not] maintain detail[ed] records of when a disqualified institution

---

[1] Plaintiff states that he is confused by "certain terms/language in FNS policy." ECF No. 25, ¶ 9. Plaintiff asks Defendants to direct him to a source where he can find this policy so that he may calculate the eligibility dates of disqualified entities himself. ECF No. 25, ¶ 9. Plaintiff also requests that the Court "Have Defendants please direct Plaintiff to where to find this policy/process." ECF No. 25, p. 4. The Court will not address this petition, as such information is outside of the scope of Plaintiff's initial FOIA request that is before the Court.

becomes eligible, there could not have been records in 2015 for the same reason." ECF No. 25, ¶ 5. Plaintiff further cites Defendants' previous motion (ECF No. 13) requesting an extension of time to respond to Plaintiff's Complaint in support of his contention that Defendants maintain the records he seeks.[2] ECF No. 25, ¶ 6

Furthermore, Plaintiff notes that although Defendants contend that they do not maintain the requested records, they have provided specific eligibility dates in the past. ECF No. 25, ¶ 8. Plaintiff has included an email dated December 7, 2016, in which Defendant Weatherly stated that:

> According to the NDL, Sparkman Learning Center was terminated on June 2, 2006 and became eligible to reapply to participate June 10, 2013 . . . COPE was terminated on March 1, 1997 and became eligible to reapply to participate August 13, 2009."[3]

ECF No. 25, Doc. # 4. Plaintiff cites this email and argues that "Defendant did send just what she swore she didn't maintain." ECF No. 25, ¶ 8.

## II. DISCUSSION

The issue before the Court is whether Defendants have fully responded to Plaintiff's FOIA request.

"In the context of the FOIA, it is widely accepted that, '[o]nce the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot.'" *Vivek Shah Reg. #43205-422 v. U.S. Dep't of Justice, et al.*, 2016 WL 3690053, at *5 (E.D. Ark. July 7,

---

[2] In that motion, Defendants noted that, after they had provided "Plaintiff with names of institutions that were disqualified from participation in the Child and Adult Care Food Program and on the National Disqualified List (NDL) between 1995 and 2001 . . . Plaintiff advised the Defendants that his FOIA request also included a request for when all of these institutions would become eligible to return/continue participation in program and that this issue had not [been] addressed." ECF No. 13, ¶¶ 3, 4. Defendants further stated that they were "in the process of attempting to obtain the additional information. However, due to the number of institutions on the list, the Defendants cannot complete the compilation by December 12, 2016" and so requested more time to respond. ECF No. 13, ¶¶ 5, 6.

[3] This information seems to be related to a different FOIA request than the one currently at issue. In the email, Defendant Weatherly stated that "[t]he Food and Nutrition Service has been informed that you are seeking information on when Sparkman Learning Center and Community Organization for Poverty Elimination (COPE) were placed on the National Disqualified List (NDL), the date of removal from the list and if a debt is owed." ECF No. 25, Doc. # 4. Although this request is similar to the one currently before the Court, it is more specific, seeking information about two particular entities.

2016) (quoting *Anderson v. U.S. Dep't of Health & Human Servs.*, 3 F.3d 1383, 1384 (10th Cir. 1993)); *see also Walsh v. U.S. Dep't of Veterans Affairs*, 400 F.3d 535, 536 (7th Cir. 2005); *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform"). Further, FOIA does not require an agency to create or retain documents; it only obligates the agency to provide access to those documents which it in fact has created and retained. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980).

In the case at bar, Defendants contend that they have provided Plaintiff with all the documents they keep that are responsive to his FOIA request. In support of this claim, Defendants have provided an affidavit attesting to the fact that they do not maintain records of specific dates upon which disqualified entities again become eligible to participate in agency programs. Furthermore, Defendants have informed Plaintiff of the process by which they determine eligibility dates. Although Plaintiff has cited a previous instance in which Defendants were able to provide specific eligibility dates, that does not necessarily mean Defendants maintain records of such dates. Accordingly, it appears that Defendants have fully responded to Plaintiff's FOIA request and, therefore, this action should be dismissed as moot.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Defendants' Amended Motion to Dismiss (ECF No. 24) should be and hereby is **GRANTED** and this action is **DISMISSED AS MOOT**.

**IT IS SO ORDERED**, this 13th day of September, 2017.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge

5